In the Matter of WILLIAM A. ARGENTIERI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, April 24, 1992

### APPEARANCES OF COUNSEL

*Daniel A. Drake* for petitioner.

*Lawrence J. Andolina* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this court on November 2, 1955, and has since maintained an office for the practice of law in Steuben County, New York. By notice of petition and petition dated May 31, 1991, petitioner, the Grievance Committee of the Seventh Judicial District, charged respondent with conversion of client funds, making

false and fraudulent statements to a legatee and commingling his client funds with his personal funds. In his answer, respondent denied the charges and set forth affirmative defenses. By order entered July 12, 1991, we referred the proceeding to a Referee to take proof upon the issues of fact raised by the pleadings and to report to us.

By memorandum decision dated March 26, 1992, the Referee rendered his report, which petitioner now moves to confirm. Respondent cross-moves to reject the report.

We grant petitioner's motion and confirm the findings of fact contained in the report of the Referee. The evidence received at the hearing fully supports the Referee's findings.

Respondent, while acting as attorney for Canada Dry Bottling Company of Hornell, New York, forged the name of an officer of that corporation upon a check in the amount of $52,274.47 issued to the corporation and deposited the check into his personal account. Thereafter, respondent used the proceeds of the check for his own benefit. When respondent was asked to make restitution, he gave the corporation his personal check in the amount of $58,912. When the corporation presented the check for payment, it was returned for insufficient funds. Thereafter, respondent gave the corporation a memorandum promising to pay the sum of $60,000 on or before December 15, 1990. When respondent failed to make payment as promised, the corporation reported the matter to petitioner. Only thereafter did respondent make restitution to the corporation.

Acting as coexecutor of a decedent's estate, respondent wrote a letter to a legatee informing her that there were insufficient liquid assets in the estate to satisfy her $50,000 legacy and urging her to accept $25,000 in full satisfaction of her legacy. With the letter, respondent enclosed a release of legacy form to be signed by the legatee and returned to respondent. At the time respondent sent the letter, he knew that there were sufficient liquid assets in the estate to satisfy the legacy and, thus, that the statements in the letter were false and fraudulent.

As further found by the Referee and supported by the evidence, between January 17, 1986, and January 16, 1990, respondent disbursed at least $194,187.95 from his attorney's trust account without maintaining records demonstrating the purpose for the disbursements. Between September 26, 1986, and February 2, 1990, respondent deposited at least

$574,970.90 into his attorney trust account without maintaining records demonstrating the purpose for the deposits.

On April 14, 1989, respondent received, on behalf of a client, the sum of $24,500 as proceeds from the sale of real estate, which he deposited into his attorney trust account. Subsequently, he withdrew those funds and converted them to his own use. He did not make restitution to the client until after the termination of the hearing before the Referee.

On March 6, 1990, respondent, acting as attorney for an estate, deposited $20,000 of the estate's funds into his attorney trust account and, at the same time, deposited in the account $25,000 belonging to another client. Instead of using those funds for the benefit of the estate and of the client, respondent used the funds to pay the amount of $56,618.87 owing to still another client.

On May 23, 1990, respondent deposited $120,000 of his personal funds into his attorney trust account to reimburse the account for $95,000 that he had knowingly misappropriated from the account.

Respondent's records show that he failed to disburse $13,910.62 in funds he received on behalf of 13 clients and he has failed to make restitution to any of those clients.

The monthly statements of respondent's attorney trust account show that at the end of the month, in at least nine different months, the balance in the account was substantially less than the amount due the clients on those dates, the shortages ranging from a low of $1,394.40 to a high of $152,453.90.

On March 28, 1990, a client gave respondent the sum of $8,844.25 to establish an educational trust for the client's grandchildren. Shortly thereafter, the client instructed respondent not to establish the trust and to return the money. Respondent failed to deposit the money into his attorney trust account and failed to return it to his client. Instead, he converted the funds to his own use. Before the hearing, respondent repaid $900 to his client but did not make full restitution until after the hearing had concluded.

We have examined respondent's affirmative defenses and found that they lack merit.

Based on the above findings, we conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility: DR 1-102 (A) (3) (Engaging in illegal conduct involving moral turpitude), (4) (Engaging in conduct

involving dishonesty, fraud, deceit or misrepresentation), (5) (Engaging in conduct that is prejudicial to the administration of justice), (7) (former [6]) (Engaging in conduct that adversely reflects on his fitness to practice law); DR 9-102 (A), (B) (Commingling funds and failing to maintain client funds in a separate bank account) and (C) (Failing promptly to pay funds due a client).

Respondent's conduct, which includes forgery and multiple thefts of client funds, is intolerable and respondent should be disbarred.

Additionally, restitution should be ordered in the amounts found by the Referee, except that the amount of restitution to the Frances Kingston estate shall be $5,787.45.

DENMAN, P. J., GREEN, BALIO, LAWTON and FALLON, JJ., concur.

Order of disbarment and restitution entered.