[732 NYS2d 511]

In the Matter of WILLIAM A. ARGENTIERI, for Reinstatement to the Practice of Law.

Fourth Department, November 9, 2001

## APPEARANCES OF COUNSEL

*Daniel A. Drake*, Rochester, for Seventh Judicial District Grievance Committee.

*Mitchell T. Williams*, Rochester, for petitioner.

## OPINION OF THE COURT

Per Curiam.

Petitioner was disbarred by order entered April 24, 1992, for acts of misconduct that included forging the name of an officer of a corporate client on a check and converting the proceeds,

making false statements to clients, and converting funds from his attorney trust account (*Matter of Argentieri*, 180 AD2d 46). This Court, in the order of disbarment, directed that petitioner make restitution to his clients in the amount of $13,910.62. Petitioner was subsequently convicted of grand larceny in the second degree based upon the conduct that was the subject of the disciplinary proceeding. He was sentenced to a term of probation of 30 months and to perform 500 hours of community service.

Petitioner applied for reinstatement in February 2001. After hearing oral argument on the application, this Court referred the matter to the Character and Fitness Committee for a hearing. The Committee filed a report recommending reinstatement, which petitioner moves to confirm. Respondent Grievance Committee filed an affirmation in opposition to the motion.

We decline to consider respondent's affirmation in opposition. Inasmuch as respondent initially elected to take no position with regard to petitioner's application and declined to appear or participate in the hearing, we agree with petitioner that it would be inappropriate for us, at this stage of the proceedings, to consider respondent's arguments in opposition to petitioner's motion.

This Court may reinstate a disbarred attorney who has established by clear and convincing evidence that he has complied with the order of disbarment and the rules of the Court, that he has the requisite character and fitness to practice law, and that it would be in the public interest to reinstate him to the practice of law (*see*, 22 NYCRR 1022.28).

Petitioner admits that he failed to comply with that part of the order of disbarment directing him to make restitution to his clients. He testified that it was not until the summer of 2000 that he was financially able to pay the restitution ordered in 1992 and, at that point, he was unable to locate some of the clients in order to pay them. Inasmuch as petitioner owed four of his clients less than $100 and two clients were owed $5 and $13.94, respectively, we are not persuaded by petitioner's explanation that he was financially unable for a period of eight years to pay any of the restitution ordered. It appears instead that petitioner made no genuine effort to comply with this Court's order until shortly before he sought reinstatement to practice. Nor do we find from our review of the record that petitioner has sustained his burden of demonstrating by clear and convincing evidence that he has the requisite character

and fitness to practice law or that it would be in the public interest to reinstate him.

Accordingly, we reject the recommendation of the Character and Fitness Committee and deny petitioner's application.

GREEN, J. P., PINE, HAYES, HURLBUTT and BURNS, JJ., concur.

Order entered denying application for reinstatement.